## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA MILLER, Derivatively on Behalf of AGFEED INDUSTRIES, INC., | CASE NO. 3:11-cv-01069 |
| Plaintiff, | Chief Judge Todd J. Campbell<br>Magistrate Judge E. Clifton Knowles |
| vs. | **~~REVISED~~**<br>**ORDER CONSOLIDATING RELATED** |
| JOHN A. STADLER, K. IVAN F. GOTHNER, BRUCE GINN, MILTON P. WEBSTER III, LIXIANG ZHANG, DAVID MICHAEL JOHNSON, SONGYAN LI, ARNOLD STALOFF, FREDRIC RITTEREISER, and JUNHONG XIONG, | **ACTIONS, APPOINTING LEAD AND LIAISON COUNSEL, APPOINTING AN EXECUTIVE COMMITTEE, AND GOVERNING RELATED MATTERS** |
| Defendants, | |
| and | |
| AGFEED INDUSTRIES, INC., | |
| Nominal Party | |
| AHMAD ARSHI, Derivatively on Behalf of Himself and All Others Similarly Situated, | CASE NO. 3:11-cv-01087 |
| Plaintiff, | Chief Judge Todd J. Campbell<br>Magistrate Judge E. Clifton Knowles |
| vs. | |
| JOHN A. STADLER, K. IVAN F. GOTHNER, DAVID MICHAEL JOHNSON, SONGYAN LI, FREDRIC W. RITTEREISER, ARNOLD STALOFF, MILTON P. WEBSTER III, LIXIANG ZHANG, and JUNHONG XIONG, | |
| Defendants, | |
| -and- | |
| AGFEED INDUSTRIES, INC., | |
| Nominal Defendant. | |

ELK

JOSEPH G. SPINELLA, IAN MACDONALD, and WILLIAM NIX, Derivatively on Behalf of AGFEED INDUSTRIES, INC.,

      Plaintiffs,

      vs.

JOHN A. STADLER, K. IVAN F. GOTHNER, BRUCE GINN, MILTON P. WEBSTER, III, LIXIANG ZHANG, DAVID MICHAEL JOHNSON, SONGYAN LI, ARNOLD STALOFF, FREDRIC RITTEREISER, and JUNHONG XIONG,

      Defendants,

      -and-

AGFEED INDUSTRIES, INC.,

      Nominal Defendant.

CASE NO: 3:11-cv-01223

Judge William J. Haynes, Jr.

Before the Court is the parties' Joint Motion for an Order Consolidating Related Actions, Appointing Lead and Liaison Counsel, Appointing an Executive Committee, *and without opposition* and Governing Other Matters ("Joint Motion"). For good cause shown, the Court hereby *WJH* GRANTS the Joint Motion. Accordingly, the Court hereby orders the following:

- The following related actions are hereby consolidated for all purposes, including pre-trial proceedings and trial:

| ABBREVIATED CASE NAME | CASE NUMBER |
|---|---|
| *Miller v. Stadler, et al.* | 3:11-cv-01069 |
| *Arshi v. Stadler, et al.* | 3:11-cv-01087 |
| *Spinella v. Stadler, et al.* | 3:11-cv-01223 |

2

• *Shareholder derivative*     *CLK*
Any other actions now pending or hereafter filed in, or transferred to, this Court that arise out of the same facts as alleged in the above-captioned actions, or substantially similar facts as alleged in the above-captioned actions, ~~shall~~ *may* be consolidated    *CLK* for all purposes when they are brought to the attention of the Court;

• The U.S. defendants agree to seek a stay of litigation in any other shareholder derivative action hereafter filed in this District, that arises out of the same facts, or substantially similar facts, as alleged in the above-captioned actions;

• Every pleading filed in these consolidated actions, or in any separate action included herein, share bear the following caption:

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESEE**
**NASHVILLE DIVISION**

| IN RE AGFEED INDUSTRIES, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>   ALL ACTIONS | Lead Case No. 3:11-cv-01087 |
|---|---|

• The files of these consolidated actions shall be maintained in one file under Master Case No. 3:11-cv-01087;

• The law firms of Gilman Law LLP and Harwood Feffer LLP will serve as co-lead counsel for plaintiffs. The law firms of Gilman Law LLP, Harwood Feffer LLP, Glancy Binkow & Goldberg LLP, Levi & Korsinky LLP, and Powers Taylor LLP shall each serve as a member of a five-member Executive Committee ("Committee"). The Committee shall have the authority to speak on behalf of plaintiffs in matters regarding pre-trial procedure, settlement negotiations, and trial. The Committee shall make all

work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive efforts. The Committee shall be responsible for coordinating all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiffs ~~expect~~ *except* by *CLK* a member of the Committee. Members of the Committee shall also be available and responsible for communications to and from the Court, including distributing orders and other directions from the Court to counsel. The Committee shall also be responsible for communicating to and from the court and with counsel for the U.S. defendants. Further, the Committee shall be responsible for creating and maintaining a master service list of all parties and for informing other plaintiffs' counsel of communications from the Court and from counsel for the U.S. defendants;

- Bramlett Law Offices and Wade B. Cowan shall serve as co-liaison counsel;

- This Order shall apply to the above-captioned cases, as well as to each shareholder derivative case arising out of the same transactions or occurrences, and shareholder derivative cases involving substantially similar transactions and occurrences, that are subsequently filed in, removed to, or transferred to this Court *except as the Court may otherwise order; CLK*

- When a case that properly belongs as a part of the above-captioned related shareholder derivative actions is hereafter filed in, or transferred to, this Court, the Court requests the assistance of counsel in calling such actions to the attention of the Clerk of the Court to enable the Court to consolidate such actions as a part of the above-captioned actions;

4

- Unless otherwise agreed to between the parties or ordered by the Court, plaintiffs shall file a consolidated complaint within 45 days after the lead plaintiff designated in the securities fraud class action files a consolidated complaint. ~~This consolidated action shall be stayed following the filing of plaintiffs' consolidated complaint and until Defendants file their answers in the securities fraud class action or that action is dismissed. Any party may move to lift the stay before such time upon a showing of good cause.~~ ELK

- ~~Agreed and Defendants shall not be required to answer, plead, or otherwise respond to the original complaints filed in the above-captioned shareholder derivative actions and shall not be required to respond to any other shareholder derivative complaint now pending, or hereafter filed in, or transferred to, this Court, that arises out of the same facts as alleged in the above-captioned actions, or substantially similar facts as alleged in the above-captioned actions.~~ ELK

Dated: January ___, 2012

~~Todd J. Campbell~~
Chief United States ~~District~~ Judge

Magistrate

5